HERNANDEZ, APPELLEE, *v.* MARTIN CHEVROLET, INC., APPELLANT, ET AL.

[Cite as *Hernandez v. Martin Chevrolet, Inc.* (1995), 72 Ohio St.3d 302.]

(No. 94–314—Submitted March 7, 1995—Decided June 14, 1995.)

*Raymond J. Tisone & Associates Co., L.P.A.,* and *Raymond J. Tisone,* for appellee.

*Roetzel & Andress, Timothy J. Ochsenhirt, Aretta K. Bernard* and *Breaden M. Douthett,* for appellant.

PFEIFER, J.   The issue before this court is whether appellant is negligent *per se* because appellant violated provisions of OSHA.  "[W]here a legislative enactment imposes upon a person a specific duty for the protection of others, his failure to observe that duty constitutes negligence per se." *Taylor v. Webster* (1967), 12 Ohio St.2d 53, 56, 41 O.O.2d 274, 275, 231 N.E.2d 870, 872.

In order to determine whether a violation of OSHA constitutes negligence *per se,* we must first determine whether OSHA was intended to affect the duties owed for the safety and protection of others.  The preamble to OSHA reveals the legislation's intended effect on state law.  Section 653(b)(4), Title 29, U.S.Code provides:

"Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, *duties,* or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment."  (Emphasis added.)

This statutory disclaimer clearly indicates that Congress did not intend OSHA to affect the duties of employers owed to those injured during the course of their employment.

Negligence *per se* decreases the elements that a plaintiff must prove in a negligence action. In *Swoboda v. Brown* (1935), 129 Ohio St. 512, 2 O.O. 516, 196 N.E. 274, paragraph four of syllabus, this court stated:

"The distinction between negligence and 'negligence *per se*' is the means and method of ascertainment. The former must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required."

Thus, a plaintiff's case is significantly aided if negligence *per se* is established. If we held that a violation of OSHA constitutes negligence *per se*, we would allow OSHA to affect the duties owed by individuals to those injured in the course of their employment. Such a holding would be contrary to the intent of the legislation. See *Ries v. Natl. RR. Passenger Corp.* (C.A.3, 1992), 960 F.2d 1156, 1162. Accordingly, we hold that a violation of OSHA does not constitute negligence *per se*. The trial court properly granted appellant's motion for summary judgment.

Because our holding directly conflicts with the appellate court's holding, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.