DECISION AND JOURNAL ENTRY
Margaret Kader appeals from a judgment for defendants, Rodney and Laura Nixon, in the Lorain County Court of Common Pleas. This court affirms.
 I.
On December 2, 1994, Margaret Kader ("Kader") went to a beauty shop located at 512 Cleveland Street, Elyria, Ohio. The property was owned by Rodney and Laura Nixon ("Nixon"). Kader exited the shop through the back door to meet her husband. Directly outside the back door there was a series of steps and platforms leading to the parking lot. Kader lost her balance and fell down the steps and crushed her knee.
On October 28, 1996, Kader and her husband filed a complaint against Nixon seeking compensatory and punitive damages.[1] Kader alleged liability based on a theory of negligence per se for building code violations. Kader moved for partial summary judgment. The trial court denied the motion and the case went to trial.
On January 9, 1998, the jury returned a general verdict in favor of Nixon. Kader moved for a new trial and judgment notwithstanding the verdict ("JNOV"). On February 8, 1999[2], the trial court denied both motions. Kader filed a timely appeal with this court.
 II.
Kader's first assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT BECAUSE NO GENUINE ISSUE OF ANY MATERIAL FACT EXISTED AND APPELLANT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 Kader moved for summary judgment on the issue of negligence, asserting that Nixon's violations of several sections of the Ohio Basic Building Code ("OBBC") constituted negligence per se.
In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826,829. To prevail on a negligence claim the plaintiff must prove that 1) the defendant owed a duty of care, 2) the defendant breached the duty of care and 3) the defendant's breach of duty proximately caused the plaintiff's injuries. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
Kader argues that she was entitled to partial summary judgment on the issue of negligence because Nixon's violations of several sections of the OBBC constituted negligence per se. We begin by noting that Kader's motion for partial summary judgment and her brief reflect a misunderstanding of negligence per se. She argues that negligence per se
amounts to liability per se.
In a tort action the application of negligence per se satisfies the first two elements of a negligence claim 1) duty of care and 2) breach of that duty. Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565. The application of negligence per se reduces the elements that a plaintiff must prove to prevail in a negligence claim. Hernandez v.Martin Chevrolet, Inc. (1995), 72 Ohio St.3d 302, 304. Negligence perse is not a finding of liability per se because the plaintiff must still prove proximate cause and damages. Merchants Mut. Ins.Co. v. Baker
(1984), 15 Ohio St.3d 316, 318. "Simply because the law may presume negligence from a person's violation of a statute or rule does not mean that the law presumes that such negligence was the proximate cause of the harm inflicted." Id.
Furthermore, we find the denial of Kader's motion for partial summary judgment is moot. The Supreme Court of Ohio has held:
 [a]ny error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made.
 Continental Ins. Co. v. Whittington (1994), 71 Ohio St.3d 150, syllabus. While the present case is somewhat different from Whittington the Supreme Court's reasoning applies.
In the case sub judice the plaintiff, Kader, moved for partial summary judgment on the issue of negligence. The jury found the defendants negligent. The rationale of Whittington strongly suggests that Kader cannot assign as error the denial of a motion for summary judgment where she later prevails at trial on the disputed issue. See Kluss v. AlcanAluminum Corp. (1995), 106 Ohio App.3d 528, 536. "If [a party's] assignment of error is mooted and harmless when [she] loses at trial, asWhittington holds, it would be incongruous to allow [a party] to complain when [she] prevails at trial on that issue." Id. Since Kader eventually prevailed at trial on the issue of negligence, any error in the trial court's denial of partial summary judgment on that claim would be likewise moot and harmless. The first assignment of error is overruled as moot.
 III.
We will discuss the second and fourth assignments of error together. Kader's second assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL AND/OR JUDGMENT NOTWITHSTANDING THE VERDICT DUE TO THE IRREGULARITY IN THE PROCEEDINGS RESULTING FROM THE TRIAL COURT'S WRITTEN COMMUNICATION WITH THE JURY OUTSIDE THE PRESENCE OF APPELLANT'S TRIAL COUNSEL.
Kader's fourth assignment of error states:
 The trial court erred as a matter of law and abused its discretion by denying appellant's motion for new trial and/or judgment notwithstanding the verdict because the verdict was contrary to law and an error of law occurred during the trial.
 Both assignments of error deal with the written communication that occurred between the trial court and jury during deliberations. Kader argues 1) that the judge's response to the jury question was an incorrect statement of the law, which led to a verdict that was contrary to law and 2) that the judge erred in engaging in an ex parte written communication. We find Kader waived the right to contest the ex parte
communications.
The record reflects that the following written communication occurred between the judge and the jury. The jury asked:
Question on interrogatory #2[3]
 Do we have to say "yes" to directly and "yes" to proximately to answer the question yes.
 If direct is "no" [and] proximate is "yes" do we answer "no" to the question.
 The judge responded to their first question by writing "you must give the same answer to both directly [and] proximately" and he answered their second question by writing "yes." Attorneys for both parties were advised of the jury's question and the judge's response shortly after the communication occurred and while the jury was still deliberating. Kader's counsel did not object to the communication between the judge and the jury or the judge's response.[4]
A reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention. A party waives the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the court below. Stores Reality Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43. Kader's attorneys were informed of the communication between the judge and jury while the jury was still deliberating. Upon learning about the communication Kader did not object to the ex parte communication or the judge's response.
Accordingly, because Kader did not bring the issue to the attention of the trial court at the appropriate time, Kader has waived any error on appeal. The second and fourth assignments of error are overruled.
 IV
Kader's third assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR NEW TRIAL AND/OR JUDGMENT NOTWITHSTANDING THE VERDICT BECAUSE THE VERDICT WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.
 Kader argues that the trial court erred by 1) denying her motion for a new trial and 2) denying her motion for a JNOV.
Upon a motion for a new trial, the trial court possesses broad discretion of whether to grant or deny a new trial. Poske v. Mergl
(1959), 169 Ohio St. 70, paragraph one and two of the syllabus. An appellate court reviewing the trial court's denial of a motion for a new trial based on a manifest weight argument "can reverse such an order for a new trial only upon a finding of an abuse of discretion." Malone v.Courtyard by Marriott L. P. (1996), 74 Ohio St.3d 440, 448, citing Rohdev. Farmer (1970), 23 Ohio St.2d 82, paragraph one of the syllabus.
A trial court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. Poske, 169 Ohio St. at 75. We review the abuse of discretion standard by viewing the evidence "favorably to the trial court's action rather than the original jury's verdict." Malone,74 Ohio St.3d at 448, quoting Rohde, 23 Ohio St.2d at 94.
At trial, Kader presented evidence depicting the site of the accident. Immediately outside the beauty shop's back door two steps led down to the first platform that was ten feet long; two more steps led down to the second platform that was fifteen feet long; and one and a half steps led to the parking lot. The area was made of concrete and the steps were varying heights. Kader also presented an architect who testified that the series of steps and platforms outside the beauty shop's back door violated several sections of the OBBC.
Kader testified that as she was walking down the first ten-foot platform she did not realize that there were two steps. The steps and the platform were both concrete and "blended together." When she got to the step, not realizing that there were steps beneath her foot, she lost her balance and fell.
It is uncontested that Kader was a business invitee. It is well settled law that "[a]n occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. Kader did not present evidence that the danger posed by the steps was not open and obvious. The fact that Kader did not notice the step does not render it a hidden danger which could not be discovered by reasonable inspection.
In the present case the jury reached the conclusion that Nixon's negligence was not the proximate cause of Kader's injury. Because the jury verdict was not against the weight of the evidence, we find the trial court did not abuse its discretion in denying Kader's motion for a new trial on the manifest weight issue.
On appeal, Kader also states the trial court erred by denying her motion for JNOV but fails to discuss the error in the body of her argument. The Supreme Court of Ohio has observed that "[e]rrors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." Uncapher v. Baltimore Ohio Rd. Co. (1933),127 Ohio St. 351, 356 n. 5; App.R. 12(A)(2), 16(A) We decline to review Kader's assertion that the trial court erred by failing to grant her JNOV motion because she did not provide this court with any explanation as to why the trial court denial of her motion was improper. Kader's third assignment of error is overruled.
Having overruled all of Kader's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
[1] Kader's husband, Reinhold Kader, sought damages on a loss of consortium claim. Reinhold Kader died on June 12, 1997. A suggestion of death was filed on June 23, 1997, and no motion was made to substitute a party. The Lorain County Court of Common Pleas dismissed the loss of consortium claim without prejudice on September 11, 2000.
[2] The record does not reflect the reason for the long length of time between filing the motion and the denial of the motion.
[3] Jury interrogatory number two stated "[d]o you find that the negligence of the defendants, Rodney Nixon and Laura Nixon, directly and proximately caused any injury in this case?"
[4] John S. Wolann, Kader's counsel, states in an affidavit that after learning about the communications between the judge and jury, he asked a judicial law clerk if he could speak with the judge. The law clerk informed Wolann that the judge was occupied with other matters. However, the affidavit does not indicate if Wolann made further attempts to speak with the judge while the jury continued to deliberate. No objection was made on the record regarding Wollan's inability to speak with the judge.