DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Dennis P. Duncan and Vicki S. Duncan, appeal from a judgment by the Lucas County Court of Common Pleas that granted summary judgment in favor of appellee Mosser Construction, Inc. and/or the Mosser Group ("Mosser"). Because we find that appellants failed to establish their claim for employer intentional tort, we affirm.
 {¶ 2} This action arises out of an accident that occurred on August 24, 2001, while Dennis P. Duncan ("Duncan") was working as a carpenter for Mosser. Duncan's job was to build a concrete chamber around an underground water main valve. The work site consisted of a 30-foot hole, through the middle of which ran a water pipe that was 6-10 feet in diameter. At the time of the accident, plywood forms for the inside portion of the wall of the valve chamber had been placed, with a rebar grid installed on the outside of the forms. In addition, a platform had been built over the pipe, at approximately 16 feet below ground level.
 {¶ 3} On the date of the accident, Duncan was planning to take measurements for the outside portion of the form. He and coworker Dan Schroeder had decided to descend to the floor of the work site to begin their work. Schroeder went first, and made it safely to the bottom. Duncan followed, climbing down the rebar frame. He went down two rungs of the frame, and was just beginning to move his right foot to reach the third rung, when he lost his footing and fell to the floor, landing on Dan Schroeder. Duncan estimates that he fell between 12 and 15 feet. As a result of the fall, Duncan sustained serious injury to his left foot and to the lower part of his back.
 {¶ 4} At deposition, Duncan stated that, to his knowledge, there was nothing wrong with the rebar from which he fell. He also stated that he had worked as a carpenter in heavy construction for 25 years, and had often climbed rebar as part of his job. According to Duncan, it would be the usual practice for any carpenter doing similar work to use rebar as a ladder.
 {¶ 5} On the subject of fall protection equipment, Duncan specifically stated that safety belts would have been of no use, because they require the use of one hand to hook and unhook as the climber goes up or down the rebar. Duncan also rejected the idea that there should have been a net, due to the confined nature of the space in which he was working. He further stated that although he would normally use fall protection when working at levels above a certain height, in this case he did not, because he was merely climbing down — not working on — the rebar.
 {¶ 6} On June 16, 2003, Duncan and his wife, Vicki, filed suit against Mosser and various John Doe entities, asserting claims for employer intentional tort, negligence, and loss of consortium. Mosser filed a motion for summary judgment on July 28, 2004. On November 10, 2004, the trial court issued its opinion and judgment entry granting Mosser's motion. Appellants timely filed their appeal.
 {¶ 7} Appellants raise the following as their sole assignment of error: "The trial court erred in granting summary judgment to defendant Mosser Construction, Inc. and/or the Mosser group on plaintiffs' claim against the defendant when plaintiffs produced evidence such that reasonable minds can come to multiple conclusions on each of the three elements necessary for a claim of employer intentional tort."
Summary judgment standard.
 {¶ 8} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Civ.R. 56(C) provides:
 {¶ 9} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 10} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. Ryberg v. Allstate Ins. Co.
(July 12, 2001), 10th Dist. No. 00AP-1243, citing Tokles Son,Inc. v. Midwestern Indemnity Co. (1992), 65 Ohio St.3d 621, 629.
 {¶ 11} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
Employer Intentional Tort.
 {¶ 12} Although Ohio workers' compensation law generally provides employees with the sole means of compensation for injuries suffered within the scope of employment, where an employer's conduct is sufficiently egregious, an employee may bring an action against that employer for intentional tort.Goodin v. Columbia Gas of Ohio, Inc. (2000),141 Ohio App.3d 207, 214. This exception arises from the notion that where an employer's conduct is sufficiently egregious to constitute an intentional tort, the employer's act occurs outside the scope of employment. Id., at 215.
 {¶ 13} The law is well settled that in order to establish an employer intentional tort, an employee must demonstrate the following: "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Hannah v. Dayton Power Light Co. (1998),82 Ohio St.3d 482, 484 (quoting Fyffe v. Jeno's, Inc. (1991),59 Ohio St.3d 115, paragraph one of the syllabus).
 {¶ 14} "To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent." Fyffe, supra, at paragraph two of the syllabus.
 {¶ 15} When considering whether an employer's conduct is sufficiently egregious to constitute an intentional tort, courts must refrain from construing the term "intentional tort" too broadly. Goodin, supra, at 215. As stated by the Supreme Court of Ohio in Van Fossen v. Babcock Wilcox (1988),36 Ohio St.3d 100, "`The dividing line between negligent or reckless conduct on the one hand and intentional wrong on the other must be drawn with caution, so that the statutory framework of the [Workers' Compensation] Act is not circumvented simply because a known risk later blossoms into reality. * * *'" Id. (citation omitted).
 {¶ 16} The court in Van Fossen went on to state:
 {¶ 17} "`[I]f "intentional wrong" is interpreted too broadly, this single exception would swallow up the entire "exclusivity" provision of the Act, since virtually all employee accidents, injuries, and sicknesses are a result of the employer or a co-employee intentionally acting to do whatever it is that may or may not lead to eventual injury or disease. Thus in setting an appropriate standard by which to measure an "intentional wrong," we are careful to keep an eye fixed on the obvious: the system of workers' compensation confronts head-on the unpleasant, even harsh, reality — but a reality nevertheless — that industry knowingly exposes workers to the risks of injury and disease.'
 {¶ 18} "* * * [I]n determining the level of `risk exposure that will satisfy the "intentional wrong" exception * * * [c]ourts must examine not only the conduct of the employer, but also the context in which that conduct takes place: may the resulting injury or disease, and the circumstances in which it is inflicted on the worker, fairly be viewed as a fact of life of industrial employment, or is it rather plainly beyond anything the legislature could have contemplated as entitling the employee to recover only under the Compensation Act?'" Id., at 115-116 (citations omitted).
1. Whether there is a genuine issue of material factconcerning Mosser's knowledge of a dangerous procedure.
 {¶ 19} As indicated above, the first element of a claim for employer intentional tort requires that the employee demonstrate "knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation." Hannah, supra, at 484. In this case, in order for appellants to overcome summary judgment as to the first element of their claim, they must demonstrate: (1) that Mosser had knowledge that its workers were climbing rebar without fall protection in the performance of their duties, and (2) that Mosser had knowledge climbing rebar without fall protection was a dangerous procedure.
 {¶ 20} Because Mosser does not deny knowing that its workers were climbing rebar without fall protection, we focus our attention on the issue of whether Mosser knew the activity to be dangerous. As evidence of the latter, Duncan cites one of Mosser's own safety rules, which pertinently provides:
 {¶ 21} "When there is a possibility of falling 6 feet or more, appropriate fall protection must be worn if guard rails or nets are not provided. The use of full body harnesses with safety lines when working from unprotected high places is mandatory. Always keep your line as tight as possible."
 {¶ 22} In addition, Duncan cites testimony by Mosser project superintendent Edward A. Fisher, wherein he acknowledges that the 6-foot guideline is one that has been determined by policy to be a level at which people need protection in order to prevent injury when they fall.
 {¶ 23} Both the safety rule and Fisher testimony are very general in that they appear to apply to any activity occurring a height of six feet or over; there is no mention whatsoever of rebar. Despite the general nature of this evidence, we find that, construed in a light most favorable to appellants, it does tend to support appellants' claim that the act of climbing rebar at heights of six feet or more without fall protection is dangerous. Thus, we find that there is a genuine issue of material fact as to the first element of appellants' claim for employer intentional tort.
2. Whether there is a genuine issue of material factconcerning Mosser's knowledge of a substantial certainty ofharm.
 {¶ 24} The second element of appellants' employer intentional tort claim requires a showing of knowledge by the employer that if the employee is subjected by his employment to a dangerous procedure, instrumentality or condition, then harm to the employee is substantially certain to occur. Hannah, supra, at 484. According to appellants, the opinion testimony of their expert, civil engineer John Messineo, establishes several bases for finding that Mosser knew with substantial certainty that Duncan would fall while climbing the rebar.
 {¶ 25} First, appellants cite Messineo's opinion that the rebar did not comply with various OSHA standards, including those dealing with unprotected sides and edges (29 CFR 1926.501(b)(1), formwork and reinforcing steel (29 CFR 1926.501(b)(5), and ladder requirements (29 CFR 1926.1053(a) and 1926.1053(b)). Regarding alleged OSHA violations, the Supreme Court of Ohio has clearly stated: "Congress did not intend OSHA to affect the duties of employers owed to those injured during the course of their employment." Hernandez v. Martin Chevrolet, Inc. (1995),72 Ohio St.3d 302, 303. Thus, any claimed OSHA violations do not factor into our determination of whether Mosser knew that Duncan's injuries were substantially certain to occur. See also,Hristovski v. The Bard Mfg. Co., 6th Dist. No. WM-03-022, 2004-Ohio-3984, at ¶ 13.
 {¶ 26} Appellants next cite opinion testimony by Messineo that "Mosser knew with substantial certainty that requiring Duncan to perform a dangerous procedure for at least 11 days without providing him with proper fall protection, proper safety nets or proper ladders would result in injury to him should he misstep while climbing." Unfortunately for appellants, this testimony merely states a legal conclusion without any evidentiary basis to support it. As such, we are compelled to reject it. See, Hristovski, supra, at 12, 13.
 {¶ 27} Finally, appellants point to the testimony of Edward Fisher, wherein he acknowledges the Mosser policy of providing fall protection to employees at risk of falling six feet or more. Appellants claim that such knowledge, together with Fisher's admission that he took no action to provide fall equipment to Duncan, is sufficient to demonstrate Mosser's knowledge that Duncan's injuries were substantially certain to occur. We disagree. At most, such evidence indicates an awareness that climbing rebar at heights of over six feet could pose a fall hazard. Mere awareness of this risk, even with the alleged failure to alleviate it, simply does not elevate Mosser's conduct to the level of an intentional tort. See, Fyffe, supra, at paragraph two of the syllabus; see also, Hristovski, at 12.
 {¶ 28} Under the facts of this case, where Duncan was injured climbing rebar — an activity he had done throughout his 25-year career as a carpenter, and about which he had no complaint — reasonable minds could only conclude that Mosser was not substantially certain that Duncan's injury would occur. Accordingly, we find that appellants have failed to establish the second element of their claim for employer intentional tort.
3. Whether there is sufficient evidence that Mosser requiredDuncan to perform a dangerous task.
 {¶ 29} The third and final element of appellants' employer intentional tort claim requires a showing that the employer, with knowledge of the substantial certainty of injury, required the employee to continue to perform the dangerous task. Hannah,
supra, at 484. This element is satisfied by evidence that raises an inference that the employer, through its actions and policies, required the employee to engage in the dangerous task. Id., at 487.
 {¶ 30} In support of this element, appellants simply state that Mosser required Duncan to perform his job without the use of fall protection equipment. The record is clear, however, that Mosser did not require Duncan to climb the rebar. At deposition, Duncan acknowledged that he had the option of either climbing down the rebar or climbing down the permanent enclosed ladder to approximately eight feet above ground level, where there was a temporary ladder that he could have taken to the floor.
 {¶ 31} With respect to fall protection, appellants state that Duncan "was never provided with any personal fall protection equipment for the eleven days he was working on the job site, even though it was stored in the van of Mosser project superintendent [Fisher]." According to deposition testimony by Fisher, however, the fall protection in his van consisted only of a harness and "retractables." By Duncan's own admission, such fall protection would have been of no use to him while descending rebar.
 {¶ 32} Because there is no evidence to suggest that Mosser required Duncan to climb the rebar without protection, within the meaning of Hannah, we find that appellants have failed to establish the third element of their claim for employer intentional tort.
Conclusion.
 {¶ 33} On the basis of the foregoing, we find that appellants have failed to establish the second and third elements of their claim for employer intentional tort. Accordingly, appellants' assignment of error is found not well taken. The judgment of the trial court granting summary judgment in favor of Mosser is affirmed. Pursuant to App.R. 24, costs are assessed to appellants.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J., Concur.