[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Thomas G. Ross ("Ross"), appeals from a decision of the trial court that granted appellees, William E. Platten Contracting Co.'s ("Platten") and Reliance Mechanical Corp.'s ("Reliance"), motions for summary judgment on Ross's claims. For the following reasons, we affirm in part; reverse in part and remand for further proceedings.
 {¶ 2} A review of the record reveals the following facts: Platten is an Ohio company that specializes in excavations. Ross was hired as a laborer at Platten in 1992. In 2003, Reliance was hired to replace a broken sanitary sewer that was buried under various portions of the Cleveland Hopkins International Airport terminal. Reliance, in turn, hired Platten to perform the excavation work on the sanitary sewer replacement project. Specifically, Platten was hired to excavate a trench above and around the broken pipe. Under the terms of this contract, Platten was required to furnish the labor, material, and equipment for concrete removal, sewer excavation, backfill, and concrete replacement on the airport project.
 {¶ 3} The employees from Platten and Reliance worked closely together on this project. Reliance was required to show Platten the location of the sewer line that Reliance needed to access. Platten was then responsible for cutting and removing the concrete and excavating the trench with a small backhoe. Once the sewer line was exposed, employees from Reliance would enter the trench and were responsible for replacing the pipe. *Page 4 
 {¶ 4} On January 29, 2003, Ross arrived at the excavation site. The trench had been dug and open for four days already. Ross's supervisor, Daniel Ziegler ("Ziegler"), told Ross to get inside the trench to complete the excavation around the pipe by hand. While in the trench, Ross felt a concrete stone slip onto his back while he was bent down and, when he stood up, part of the trench wall fell in on him. Ross was pulled out by other employees within several minutes and did not immediately complain of any injuries. However, Ross later checked himself into Deaconess Hospital, where he was diagnosed with injuries to his arm and back. Ross did not return to work following this incident.
 {¶ 5} On January 28, 2005, Ross filed this complaint for personal injury against Platten and Reliance.
 {¶ 6} On April 13, 2006, Platten filed a motion for summary judgment asserting that Ross was unable to meet all of the requirements for a claim of common law intentional employment tort. In response, Ross claimed that he was injured because Platten did not properly shore[1]
the trench walls.
 {¶ 7} On July 3, 2006, Reliance filed a motion for summary judgment asserting that they owed no duty of care to Ross because he was an independent contractor who was employed to do an inherently dangerous job. *Page 5 
 {¶ 8} On August 28, 2006, the trial court granted both Platten's and Reliance's motions for summary judgment without opinion. It is from these decisions that Ross now appeals and raises two assignments of error for our review.
 {¶ 9} "I. The trial judge committed an abuse of discretion by entering final judgment without granting plaintiff-appellant leave to submit a supplemental expert affidavit."
 {¶ 10} On August 7, 2006, Ross filed his combined brief in opposition to summary judgment. One week later, on August 14, 2006, Ross sought to supplement his brief in opposition with the affidavit of safety expert, Richard H. Hayes. Ross averred that he had been unable to obtain Hayes' sworn statement at the time that his response was due and that no new claims were being added. Platten did not oppose this motion. Reliance opposed this motion claiming that Ross had not previously identified this witness. The trial court did not rule on this motion before granting summary judgment in favor of the defendants, thereby implicitly overruling it.[2]
 {¶ 11} We find that the trial court abused its discretion in overruling Ross's motion to supplement the record. First, the record shows that the trial court stated that "discovery [was] to continue expeditiously."[3] Second, in his responses to *Page 6 
interrogatory request, Ross apprised Reliance that he was "reserving] the right to call an additional expert as dictated by the Court or Local Rules."[4] Third, the case had not yet been set for trial, so there can be no claim of "surprise." Fourth, although the trial court had previously extended the time for Ross to file his brief in opposition, the trial court had not explicitly stated that "no further extensions will be granted." Finally, no prejudice has been shown. Although Reliance claims that it did not have the chance to depose Ross's expert to challenge the basis for his opinion, it could have, and did not, seek a stay of the summary judgment proceedings so that Ross's expert's testimony could be opposed. In sum, the trial court should have granted Ross's request to supplement the record.
 {¶ 12} Assignment of Error I is sustained.
 {¶ 13} "II. The trial judge erred, as a matter of law, by granting summary judgment in favor of defendant-appellee, William E. Platten Contracting Company, upon plaintiff-appellant's workplace intentional tort claim."
 {¶ 14} In his second assignment of error, Ross claims that the trial court erred in granting summary judgment in favor of Platten and Reliance because genuine issues of material fact exist with regard to his claims for intentional tort.
 {¶ 15} We begin by noting that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio EdisonCo. (1996), *Page 7 77 Ohio St.3d 102, 105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial."Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 16} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 17} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant. *Page 8 
 {¶ 18} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment for Platten and Reliance was appropriate.
 Reliance's Motion for Summary Judgment {¶ 19} Ross argues that the trial court erred in granting Reliance's motion for summary judgment because a genuine issue of material fact exists as to whether they owed him a duty of care even though he was an independent contractor.[5]
 {¶ 20} As a general rule, a general contractor has no legal duty, and therefore cannot be liable in negligence, to the employees of an independent subcontractor working on the premises. Cafferkey v. TurnerConst. Co. (1986), 21 Ohio St.3d 110; Abbot v. Jarret Reclamation Serv.,Inc. (1999), 132 Ohio App.3d 729. Exceptions to this rule exist, however, where the general contractor actively participates in the project or has exclusive control over a critical variable in the work environment. Hirschbach v. Cincinnati Gas Electric (1983),6 Ohio St.3d 206, 208.
 {¶ 21} We find the preceding authority applicable to this case. Here, Reliance did not actively participate in the excavation of the trench. It merely directed Platten to the location of the pipe and the general area that needed to be excavated. Reliance also did not retain and exercise exclusive control over a critical aspect of Ross's work. Reliance did not supervise or control the manner in which Ross or any of Platten's employees performed their tasks. Although Reliance was responsible *Page 9 
for informing Platten where the broken pipe was, it was Platten's sole responsibility to excavate the trench. Reliance did not direct or control the manner or method that Platten used to excavate the trench, did not direct Ross into the trench, and did not deny permission to use safety procedures or equipment to eliminate hazards associated with trenching.
 {¶ 22} Construing the evidence most strongly in favor of Ross, as we are required to do, we find that the granting of summary judgment in favor of Reliance was proper. The evidence is undisputed that Platten was totally in control of all aspects of the excavation of the trench. As a result, the record does not establish that Reliance owed Ross, an independent subcontractor, a duty of care. Since Ross cannot establish the first essential element to prove negligence, namely that he was owed a duty of care, the trial court did not err in granting summary judgment in favor of Reliance. See Abbott, supra (no liability for general contractor where the independent contractor retained overall control and authority to make its own trenching decisions.)
 {¶ 23} Accordingly, we find that the trial court did not err in granting summary judgment for Reliance.
 Platten's Motion for Summary Judgment {¶ 24} Ross argues that the trial court erred in granting Platten's motion for summary judgment because a genuine issue of material fact exists as to whether *Page 10 
Platten was aware that its failure to have shoring in the trench was substantially certain to cause harm to Ross or any of its employees.
 {¶ 25} In an action against an employer for intentional tort, a plaintiff must show: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Fyffe v. Jeno's, Inc. (1991),59 Ohio St.3d 115, 570 N.E.2d 1108, paragraph one of the syllabus.
 {¶ 26} The burden imposed on an employee to prove that any harm was a substantial certainty is a substantial burden. However, in motions for summary judgment the burden is on the moving party. Dresher v. Burt
(1996), 75 Ohio St.3d 280. That burden is to show that no genuine issue of material fact exists concerning an issue on which the employee's claim depends. Wolf v. McCullough-Hyde Memorial Hosp., Inc. (1990),67 Ohio App.3d 349. All doubts must be resolved in favor of the employee.Hampton v. Trimble (1995), 101 Ohio App.3d 282, 286.
 {¶ 27} Here, the evidence presented for and against Platten's motion for summary judgment demonstrates the following facts: OSHA regulations require various protective devices when depths of trenches reach five feet; that the trench in *Page 11 
which Ross was injured actually measured six feet; that the trench did not have any "shoring" or protective device; that the trench had water and "sludge" that was being pumped out on a regular basis; that Platten was aware of the OSHA guidelines with regard to shoring and the condition of the trench at the time Ross was working in it; that Ross told his supervisor, Daniel Ziegler, prior to the cave-in, that he thought the trench needed shoring.
 {¶ 28} Where an employer has failed to install a safety device that might have prevented an injury, courts may consider that fact in determining a motion for summary judgment on employee intentional tort claims. Busch v. Unibilt Indus. (Sept. 22, 2000), Montgomery App. No. 18175.
 {¶ 29} Here, Ross was assigned by his employer to a job, digging in a trench over five feet deep with standing water and unstable walls, which put him at a direct risk of harm from a trench collapse. This direct risk of a trench cave-in, coupled with the knowledge of Platten of OSHA guidelines with regard to protective devices, the lack of appropriate "shoring," and the serious injury to Ross that resulted, create doubts concerning the summary judgment relief that Platten requested and the basis for it. We find that the evidence is in conflict concerning whether Platten's refusal to install shoring made the harm that Ross suffered a substantial certainty. Accordingly, we find that the trial court erred when it granted summary judgment in favor of Platten. *Page 12 
 {¶ 30} Assignment of Error II is well-taken as to Platten's motion for summary judgment.
 {¶ 31} Judgment is affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.
It is ordered that appellant and appellees shall each pay their respective costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS, COLLEEN CONWAY COONEY, J., CONCURS IN PART AND DISSENTS IN PART
[1] "Shoring" a trench involves the use of boards, plywood or metal boxes inside a trench to provide protection against trench collapses. OSHA regulations require that any hole deeper than five feet must be protected with shoring. See Ohio Admin. Code 4123:1-5-26(B)(1).
[2] When a court fails to rule upon a motion, it is presumed that is was overruled. See Solon v. Solon Baptist Temple, Inc. (1982),8 Ohio App.3d 347, 351-352.
[3] See the May 18, 2006 and May 23, 2006 journal entries.
[4] Page 2 of Responses.
[5] There is no dispute that Ross was an employee of Platten, an independent contractor hired to do work for Reliance.