JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Plaintiff-appellant Donna Tapp appeals from a common pleas court order granting summary judgment in favor of her employer, defendant-appellee Mario's Beauty Salon, Inc., on her intentional tort claim. In her three assignments of error, she argues that the following genuine issues of material fact precluded judgment: (a) "whether appellee had knowledge of the dangerous elect[r]ical hazard at its business premises when appellant was injured," (b) "whether appellee had knowledge that appellant was subjected to dangerous electrical hazards at her work area, such that harm to appellant was a substantial certainty," and (c) "whether appellee knowingly required appellant to work in an area with dangerous electrical hazards."
 {¶ 2} We find no genuine issue as to whether Mario's had knowledge of a dangerous condition at its premises which may have caused plaintiff's injury. Therefore, we affirm.
 Procedural History {¶ 3} The complaint in this case was filed March 31, 2005, and was amended with leave of court on March 7, 2006. Both named as defendants appellee Mario's Beauty Salon, Inc. ("Mario's"), Mario's International Health Spas and Hotels (Mario's International), and various John Doe defendants. The amended complaint alleged that appellant was employed by Mario's and was working at the Mario's International location in Aurora, Ohio on January 11, 2004, when her right arm was *Page 3 
injured by an electrical shock. The complaint asserted the injury was a result of a lack of ground fault circuit interruptor ("GFCI") protection in the electrical system. The complaint further claimed that Mario's knew the lack of GFCI protection was dangerous and knew that harm was substantially certain to occur without it, yet required plaintiff to continue working without such protection.
 {¶ 4} The second count of the amended complaint alleged that Mario's could be held liable for negligence because it had not complied with state worker's compensation requirements. Plaintiff claimed that Mario's and the various John Doe defendants negligently performed electrical work on the premises and failed to properly inspect the work. The third count of the complaint demanded punitive damages. Mario's and Mario's International answered jointly, denying the essential allegations of the complaint and asserting a number of affirmative defenses.
 {¶ 5} On August 28, 2006, Mario's and Mario's International moved for summary judgment. The following evidence was attached to their motion: (1) a copy of an order from the Ohio Bureau of Workers' Compensation granting their request for retroactive coverage; (2) a copy of a letter from an electrical contractor dated April 26, 2004 and addressed to whom it may concern, certifying that the two outlets "on the hair floor at the station with a stainless steel counter * * * and the 4 plex outlet on the adjacent wall were found to be grounded and correctly polarized"; and (3) an informal settlement agreement between Mario's International and the *Page 4 
Occupational Safety and Health Administration ("OSHA") of the United States Department of Labor. In addition, defendants provided the court with transcripts from the depositions of plaintiff; Patricia A. Spoto, a manager of Mario's International in Aurora; and David Barnes, the Aurora, Ohio Fire Chief. Plaintiff opposed the defendants' motion with evidence which included (1) a Portage County, Ohio Auditor's summary regarding the premises at which plaintiff's injury occurred; (2) affidavits from plaintiff, her co-worker, Reuben Aronov, and her expert, Jack Bene; (3) copies of OSHA citations issued to Mario's International; and (4) a copy of Mario's "Electrical Safety and Lockout Policy." Plaintiff also submitted deposition testimony from Mario's maintenance employee, Robert Grzybowski; plaintiff's co-workers, Lynn Zuchinski and Boris Malayev; and another Mario's manager, Betty Yon.
 {¶ 6} Plaintiff voluntarily dismissed her negligence claim on October 18, 2006. On January 8, 2007, the court granted summary judgment for the defendants, concluding that there were no genuine issues as to any material facts and that the defendants were entitled to judgment as a matter of law.
 Undisputed Facts {¶ 7} Plaintiff was employed by Mario's beginning in 2000. She worked as a cosmetologist at two Mario's locations, one in Chagrin Falls, Ohio, and one in Aurora, Ohio. She testified that she complained to managers Pat Spoto and Betty *Page 5 
Yon that there were frequent power outages at the front and rear of the Aurora salon throughout the time that she worked there. She said she and her co-worker, Reuben Aronov, would have to wiggle electrical cords to get electricity to pass through them, and sometimes got a "tiny mini shock." When they complained about this, plaintiff claimed they were instructed to use an extension cord to bring power from another location. These mini-shocks occurred at the front of the salon; the incident during which plaintiff was injured was at the back.
 {¶ 8} Plaintiff testified that on the day she was injured, January 11, 2004, the power to the back of the salon had "tripped" some 15 times, as it had every day she worked there since decorations had been put up for Christmas 2003. At approximately 3:00 p.m. that day, she was holding a curling iron in her right hand when she got shocked and was unable to let it go. After 30-40 seconds, the iron flew out of her hand and hit a mirror in front of her. Afterward, her hand and arm were numb.
 {¶ 9} Fire Chief David Barnes testified that he examined the curling iron shortly after this incident and observed a small bare spot on the cord, approximately one to two inches below the point where the cord entered the iron, where the insulation on the wires had worn away. The report of plaintiff's expert, Jack Bene, concluded that "the accident was caused by an exposed live/energized conductor in the curling iron cord set, furthermore, the lack of the required GFCI protection exacerbated the injury and allowed the accident to take place." He further opined *Page 6 
that "[i]f the visual inspection [of equipment required by OSHA section 1910.334(a)] had been performed the accident could have been averted," and "if the required GFCI protection was in place even with the damaged cord the accident would not have taken place or would have been minimized."
 Law and Analysis {¶ 10} We review the trial court's decision to grant summary judgment de novo, applying the same standard of review the trial court applied.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. "In order to obtain summary judgment, the movant must show that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." Id.
 {¶ 11} With plaintiff's dismissal of her negligence claim, the only claim we need consider here is her claim for employer intentional tort.[1] "[I]n order to establish `intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge *Page 7 
by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, 118.
 {¶ 12} Plaintiff points to the following evidence to show that Mario's had knowledge of dangerous conditions on its premises: "the existence of OSHA Code violations, the history of breakers tripping, [and] the use of extension cords." Mario's failure to comply with OSHA regulations requiring it to inspect employee equipment and to install GFCI protection does not demonstrate that it had knowledge of a dangerous condition on its premises. There is no evidence that Mario's knew about the OSHA requirements before plaintiff was injured. Ohio law does not recognize OSHA violations as even negligence per se, much less an intentional tort. Hernandez v. Martin Chevrolet, Inc. (1995),72 Ohio St.3d 302, 304. Under these circumstances, the violations of OSHA regulations do not demonstrate that Mario's knew of a dangerous condition on its premises. Cf. Ross v. William E. Platten Constr.Co., Cuyahoga App. No. 88749, 2007-Ohio-5733, [27-29 (employer's prior knowledge of OSHA guidelines regarding "shoring" of trenches created a genuine *Page 8 
issue of fact whether employer's refusal to install shoring made the harm suffered by the employee a substantial certainty).
 {¶ 13} There was also no evidence that plaintiff's injuries were caused by Mario's failure to inspect her equipment. Plaintiff testified that she inspected her curling iron and other equipment, including the electrical cords, before she began working that day, and determined that they were in perfect condition. Even if Mario's manager had also inspected plaintiff's equipment before she began work that day, as plaintiff claims she should have done, there is no evidence that the defect in the cord on her curling iron would have been discovered. Therefore, there is no evidence that Mario's failure to inspect her equipment caused her injury. Cf. Brody v. SCR-SCP, Inc., Medina App. No. 06CA0062-M, 2007-Ohio-1477, [21.
 {¶ 14} Mario's alleged knowledge of breakers tripping and of the use of extension cords on its premises may provide some evidence of its knowledge of a defect in its electrical system, but there is no evidence that these conditions caused plaintiff's injury. Plaintiff's own expert opined that the injury was caused by a defective cord and the lack of GFCI protections, not a defect in the electrical system in the building.
 {¶ 15} Accordingly, we agree with the trial court that there is no genuine issue as to any material fact. Plaintiff failed to demonstrate that Mario's knew of a dangerous condition on its premises or that such a dangerous condition would, with *Page 9 
substantial certainty, cause her injuries. Therefore, the trial court properly entered summary judgment for Mario's.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE
SEAN C. GALLAGHER, P.J., and MELODY J. STEWART, J., CONCUR
[1] Plaintiff's claim for punitive damages is contingent upon her success on the intentional tort claim. Thus, that claim failed when judgment was granted for Mario's and Mario's International on the intentional tort claim. By the same token, the punitive damages claim would be reinstated if we were to find genuine issues of material fact precluded judgment on the intentional tort claim. *Page 1